UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS HEATON SPITTERS,<br>Plaintiff,<br>v.<br>ESTATE OF MARY ANN SPITTERS,<br>Defendant. | Case No. 3:19-cv-00629-JD<br><br>**ORDER RE REPORT AND RECOMMENDATION**<br><br>Re: Dkt. No. 11 |

A magistrate judge filed a report and recommendation that the case be dismissed, that plaintiff Thomas Heaton Spitters be declared a vexatious litigant, and that a pre-filing order requiring him to obtain leave before filing any further suits against any defendants in this District be entered. Dkt. No. 11. Plaintiff filed a response. Dkt. No. 14. The report and recommendation is adopted in part.

**I. DISMISSAL FOR FAILURE TO STATE A CLAIM**

The recommendation of dismissal for failure to state a claim is well-reasoned, and amply warranted. The case is dismissed without prejudice.

**II. VEXATIOUS LITIGANT AND PRE-FILING ORDER**

The Court appreciates and is sympathetic to the recommendation of a vexatious litigant and pre-filing screening order. There is no doubt that Spitters has filed a number of frivolous complaints, and not taken to heart the orders dismissing those cases. Even so, the record indicates that Spitters has almost completely stopped filing new cases. In addition, it appears that none of the cases he filed were ever served on a defendant, so no one has been burdened with the time and expense of responding to a frivolous complaint.

Consequently, the Court declines to impose a vexatious litigant and screening order at this time. Spitters is advised that if he goes back to filing frivolous new cases, the Court will revisit

1    this conclusion and almost certainly issue such an order. To that end, Spitters is required through
2    December 31, 2020, to file in this case a notice of any action he initiates in this District. Failure to
3    follow this requirement will be taken into account in subsequent vexatious litigant proceedings.

4    The following discussion elucidates the Court's reasoning. "The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). The Ninth Circuit has established "four factors for district courts to examine before entering pre-filing orders." *Molski*, 500 F.3d at 1057. "First, the litigant must be given notice and a chance to be heard before the order is entered"; second, the Court "must compile 'an adequate record for review'"; third, the Court "must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation"; and fourth, "the vexatious litigant order 'must be narrowly tailored to closely fit the specific vice encountered.'" *Id.* (quoting *De Long*, 912 F.2d at 1147-48). In considering the third and fourth factors, the Ninth Circuit applies the test from *Safir v. U.S. Lines, Inc.*, 792 F.2d 19 (2d Cir. 1986). *See Molski*, 500 F.3d at 1058.

The *Safir* test considers:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir*, 792 F.2d at 24.

The record relating to entry of a pre-filing order has developed since the filing of the report, which affects the *Molski* and *Safir* factors. *See Meyer v. Shan* (*Meyer* II), Case No. 19-cv-01347-JD, 2019 WL 1589973, at *2 (N.D. Cal. Apr. 12, 2019) (final factors of *Molski* and *Safir* overlap). When the order to show cause was filed, Spitters had initiated 10 lawsuits in 2018. Dkt.

No. 6.  In 2019, this number fell to 5, and is down to 1 so far in 2020.  While these numbers should not be taken lightly, this is not a situation where plaintiff is filing multiple cases per day or month, with no signs of relenting.  *See Meyer v. Shan* (*Meyer* I), Case No. 19-cv-01347-JD, 2019 WL 1318253, at *1-*2 (N.D. Cal. Mar. 22, 2019).  Moreover, as the recommendation indicates, it appears that none of the complaints have ever been served.  Dkt. No. 11 at 1-2.  The burden has been borne only by the courts in this District, not a putative defendant.  This is no small thing, but it does cut against a screening order.  *Safir*, 792 F.2d at 24.

In light of the current record, and the guiding principle that access to the courts should be curtailed only in the most flagrant of circumstances, a pre-filing order is not appropriate at this time.  *See Molski*, 500 F.3d at 1057.

## CONCLUSION

The case is dismissed without prejudice.  A vexatious litigant and pre-filing screening order is declined at this time.  Spitters must follow the Court's requirement of giving notice of any new cases in this District between now and December 31, 2020.  The Court may revisit the propriety of an order as circumstances warrant.

**IT IS SO ORDERED.**

Dated: April 4, 2020

JAMES DONATO
United States District Judge